IRA KAPNER, PLAINTIFF-RESPONDENT, v. MILTON STRAUSS, DEFENDANT-APPELLANT.

GERTRUDE KAPNER, PLAINTIFF-RESPONDENT, v. MILTON STRAUSS, DEFENDANT-APPELLANT.

Argued May 3, 1933—Decided May 15, 1933.

Before Justices PARKER and PERSKIE.

For the appellant, *David E. Feldman.*

For the respondents, *David Green.*

PER CURIAM.

These are two appeals from a District Court, in suits one by a married woman, the other by her husband *per quod,*

based on the claim that the defendant Strauss, operating a taxicab, negligently backed it so as to strike and injure the female plaintiff, who was standing on the sidewalk at the corner of Broad street and Branford Place, in Newark. The cases were tried together, and at the original trial the jury found for the defendant. There were rules to show cause, and the verdicts were set aside and new trials ordered and had. At the second trials the court directed a verdict in favor of the plaintiffs as regarded the matter of liability, and left it to the jury merely to say how much damages should be awarded. The only point made on this appeal is that the court erred in so directing.

We think there was error in this direction. It is true that the testimony to show liability because of negligence was very strong, but it was not conclusive to the extent of justifying the court in taking that question from the jury.

The witness Brown testified: "[Defendant] was just about ready to pull out of his position and was backing into the curb a little more or less closer to the curb to get into a parallel line with the curb. The angle I would say was ten to twenty degrees as he manoeuvred; that slow motion of speed when the accident happened. *Q.* And you say he manoeuvred about a mile an hour? *A.* I would say the speed was just about as slow as you can go with a car. *Q.* Did any part of the wheels go on the sidewalk? *A.* No, sir.—— *Q.* What part of the cab was overlapping the sidewalk? *A.* The fender and the back bumper.—— How much of the car overlapped on the sidewalk? *A.* About half a foot or maybe a little more."

The court in directing a verdict said in part: "If a taxicab backs up, part of it extending over the sidewalk, that taxicab as a matter of law is guilty of negligence." Such a rule, unqualified as it is, disregards any possible explanations, and holds the driver of an automobile as bound, absolutely and at all events, to keep his car and all parts thereof at his peril from projecting over the mathematical curb line, no matter what the concomitant circumstances and the care with which in all other respects that car is operated;

and makes him in effect an insurer of the safety of any person within the sidewalk line, no matter how close to the edge, in case of contact between the person and the car. We are not in accord with any such proposition; and are of opinion that while the act of backing a car in such wise as to trench on the sidewalk space is evidence of negligence, it is not *per se* negligence; and that where negligence is claimed, such evidence, like other evidence, should be considered by the jury in connection with all the relevant evidence in the case on that point.

The judgments will be reversed, and the cases remanded for a new trial in conformity to the views herein expressed.